IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STACIE MICHELLE MILLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-169-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO
DENY MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE,
OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Before the Court is the "Motion for Resentencing/ Leave to File 2255 Out of Time" filed by petitioner STACIE MICHELLE MILLER. Petitioner's motion has been filed as a *Motion to Vacate Under 28 U.S.C. § 2255* [ECF 1]. For the reasons set forth below, petitioner's motion should be DENIED.

I.
PROCEDURAL HISTORY

On February 23, 2017, petitioner was charged in a two-count Indictment with the felony offenses of (1) possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *United States v. Miller*, 2:17-CR-15(02). Specifically, as relevant here, the Indictment alleged petitioner:

> Did knowingly possess a firearm, to wit: a Taurus, 9 mm caliber pistol, serial number TDS83235, in furtherance of a drug trafficking crime, that is, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States

> Code, Section 841(a)(1), an offense for which [she] may be prosecuted in a Court of the United States.
>
> In violation of Title 18, United States Code, Section 924(c)(1)(A), the penalty for which is found in Title 18, United States Code, Section 924(c)(1)(A)(i).

At the time of her offense, 18 U.S.C. § 924(c)(1)(A) provided, in part:

> Any person who, during and in relation to any crime of violence or drug trafficking crime[1] . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall in addition to the punishment provided for such crime of violence or drug trafficking crime – be sentenced to a term of imprisonment of not less than 5 years.

As set forth above, the Indictment charged petitioner only with *possession of a firearm in furtherance of a drug trafficking crime* under the statute, not with possession, use or carrying of a firearm in relation to "any crime of violence." On June 7, 2017, petitioner pleaded guilty to the possession of a firearm offense as alleged in Count 2 of the Indictment.

The Presentence Investigation Report (PSR) prepared in this case addressed only petitioner's possession of a firearm *in furtherance of a drug trafficking crime* and did not reference any offense in relation to "any crime of violence." On August 16, 2017, the United States District Judge sentenced petitioner to a term of 60 months and, on August 17, 2017, entered Judgment accordingly. Petitioner did not appeal her conviction or sentence to the United States Court of Appeals for the Fifth Circuit.

On September 5, 2017, petitioner purportedly placed the instant motion to vacate in the prison mailing system, such motion being received and filed of record on September 11, 2018.

II.
PETITIONER'S ALLEGATION/ REQUEST FOR RELIEF

By her motion, petitioner argues her 60-month sentence for the offense of possession of a

---

[1] Under section 924(c)(2), "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."

firearm in furtherance of a drug trafficking crime is unconstitutional in light of the United States Supreme Court ruling in *Sessions v. Dimaya*, __ U.S. _, 138 S.Ct. 1204 (2018), decided April 17, 2018, eight (8) months after petitioner's sentencing. Petitioner requests the Court re-sentence her to "time served."

### III.
### APPLICABILITY OF *DIMAYA*

In *Dimaya*, the Supreme Court examined 18 U.S.C. § 16 which provides the federal criminal code's definition of "crime of violence." *Id.* The Court concluded the language of subsection (b),[2] as invoked by and used in the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague and violates the Due Process Clause of the United States Constitution.[3] The undersigned will assume, without deciding, that *Dimaya* is retroactively applicable to cases on collateral review. *See Melendez-Jimenez v. United States*, 2018 WL 3720064 (S.D. Tex. July 11, 2018

Here, neither petitioner's conviction nor her sentence invoked the definition of "crime of violence" set forth in 18 U.S.C. § 16 or, specifically, subsection (b), the residual clause of that statute found to be unconstitutionally vague in *Dimaya*. In fact, petitioner was not even charged with, convicted of, or sentenced for an offense in relation to "any crime of violence" under section 924(c)(1)(A).[4] Petitioner's reliance on *Dimaya* in arguing her sentence is unconstitutional is misplaced as *Dimaya* is not applicable to petitioner's case.

---

[2] Known as the statute's "residual clause."

[3] *But see United States v. Godoy*, 890 F.3d 531, 539-40 (5th Cir. 2018) (the United States Sentencing Guidelines' continued use of section 16(b) for definitional purposes is constitutionally inoffensive).

[4] Even if petitioner's offense had been committed in relation to any crime of violence, 18 U.S.C. § 924(c) utilizes its own definition of "crime of violence," *see* 18 U.S.C. § 924(c)(3), rather than the "crime of violence" definition under 18 U.S.C. § 16 held unconstitutionally vague under *Dimaya*. The undersigned notes the United States Supreme Court has not yet held the section 924(c)(3) definition is unconstitutionally vague even though the language of the definitional provisions is almost identical. *See United States v. Williams*, 897 F.3d 660, 662 (5th Cir. 2018) (section 924(c)(3)(B) remains valid).

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by petitioner STACIE MICHELLE MILLER, be, in all things, DENIED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 18, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and

recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB55\FCR\MILLER-169.DNY-DIMAYA:2